## 1586. SPARTA OIL MILL *v.* RUSSELL.

1. A master ordered his servant to go up a ladder to do a piece of work; the floor upon which the ladder rested was slippery; upon the servant's calling attention to this fact the master detailed another servant to hold the foot of the ladder; while the servant was working at the top of the ladder the master called the other servant away; the servant, not knowing his helper had been called away, attempted to descend, and sustained a fall and consequent injuries through the slipping of the ladder. *Held,* that these facts justify a finding that the master was negligent.
2. Under the circumstances stated in the foregoing headnote, if the servant did not know or in the exercise of reasonable care should not have known that the helper had been called away, he did not assume the risk.
3. In a case of the kind mentioned above, if the servant's injury was materially contributed to by reason of the fact that he was attempting to bring down the ladder a plank with a nail sticking through it, it would be for the jury to say whether he was guilty of contributory negligence or not.
4. Although some other thing, even though it be an act of the plaintiff himself (if not a wrongful act), intervenes between the negligence of the defendant and the happening of the injury and concurs in producing the damages for which a recovery is sought, the defendant is not thereby excused if the intervening act is the natural result or has been naturally and reasonably induced by the antecedent wrongful act of the defendant.

5. The mere fact that the judge interjects into his charge some abstract principle of law inapplicable to the issues of the case does not always require a reversal. Where such an instruction has been given, the reviewing court looks to the whole record to see if the complaining party has in fact suffered prejudice. Under the facts appearing in the present record, section 3819 of the Civil Code was wholly inapplicable to the issues involved, and the giving of that section in charge to the jury was extremely likely to mislead them and to prejudice the defendant's case.

6. The evidence authorized, but did not demand a verdict for the plaintiff. There having been error in the charge, likely to influence the result, the case is remanded for a new trial.

Action for damages, from city court of Sparta—Judge Little. November 25, 1908.

Submitted February 10,—Decided June 15, 1909.

*R. L. Merritt,* for plaintiff in error.

*T. M. Hunt, R. H. Lewis,* contra.

POWELL, J. Russell was employed at the cottonseed-oil plant of the defendant corporation. His contention is that he was ordered by the person who filled the office of president or general superintendent to go up a ladder to remedy certain troubles in an elevator chute attached to one of the seed conveyors. To get up to where the trouble existed it was necessary to go upon a ladder; the floor where it was necessary to place the ladder was very slick, and it was therefore necessary for another man to stand at the bottom and hold the ladder. The plaintiff informed the superintendent of this fact, and the superintendent ordered one Johnson to hold the ladder. After getting to the top of the ladder it was necessary for the plaintiff to step off from it to get upon the conveyor. The plaintiff found it necessary to take out from the side of the elevator-chute a small piece of plank that was used to prevent the kernels from slipping out of the chute. This plank had a ten-penny nail driven through it. While the plaintiff was in the act of removing this piece of plank, the superintendent called Johnson away from the ladder. The plaintiff, with the piece of plank under his arm, not knowing that Johnson had been called away, attempted to step backward upon the ladder. As he imposed his weight upon it, it slipped and he fell about three feet and caught upon a piece of shafting. As he caught upon the shafting, his arm, with the weight of his body suspended therefrom, came into contact with the nail in the plank, so that the nail was driven through the muscle of his.

arm. The work was being done while the mill was being run; hence the plaintiff did not hear the order by which Johnson was called away from the foot of the ladder, and his position to the machinery was such that he had to· descend the ladder without opportunity to look behind him. In order to do the work properly it was necessary for the plaintiff to bring the piece of plank down with him. The defendant's testimony tended to dispute the material elements of the plaintiff's case as made out above. The jury found for the plaintiff.

1. It is plain that if the plaintiff's testimony is true, the defendant is liable. There was a plain breach of the master's nondelegable duty, in that he left the servant in a dangerous emergency through the lack of an adequacy of helpers. It may be said, too, that the ordering away of the man who was holding the foot of the ladder was a direct act of negligence. *Brown* v. *Rome Machine Co.*, 5 *Ga. App.* 142 (62 S. E. 721) ; *McDuffie* v. *Ocean Steamship Co.*, 5 *Ga. App.* 125 (62 S. E. 1008).

2. We do not find in the testimony anything requiring a charge upon the plaintiff's assumption of the risk. There was no such plea filed; and if the plaintiff's version of the matter is true (and as to the particular feature now under discussion it was undisputed), he did not know and in the nature of things could not have known that the helper had been moved from the foot of the ladder. Of course if he had chosen to come down the ladder knowing that the helper had been taken away, then not only the question of the assumption of risk but also the question of contributory negligence would have been involved. No question of· the assumption of risk arises until the servant has had an opportunity of ,accepting or of refusing the situation.

3. The evidence from which the jury might have inferred contributory negligence is very slight, and yet we are inclined to think that there was enough ,to require the court to submit the question to the jury. The necessity to charge this principle arose. from the contention of the defendant that the plaintiff was negligent in attempting to descend the ladder with a ten-penny nail sticking through the plank, instead of drawing the nail out of the plank before he attempted to come down. The plaintiff explained in his testimony that if he had drawn this nail out, it would have been necessary for him to have driven it right back

again, as it belonged in the plank. The record is not very clear as to what was the actual relation of this nail to the plank, and as to why it was necessary for the plaintiff to bring the plank down with him. If, as some of the testimony seems to indicate, this plank was simply a slide used as a door to cover one of the openings in the chute, and the nail was driven through as a contrivance used in lieu of other similar device by which the door might be handled in taking it in or out, or in sliding it back and forth, then certainly there was no wrong or negligence in the plaintiff's failure to drive the nail out of the plank. If, however, it was a nail casually driven into the plank or belonging there to fasten it in position, the jury would be authorized to find that it would be contributory negligence for the plaintiff to attempt to go down the ladder in his stranded position, holding the plank with the nail driven through it, instead of taking the nail out before he came down; but the jury would by no means be required to find that this was contributory negligence. Since there is to be another trial of the case, the judge will probably cover this point accurately in his charge, without further discussion of it on our part. If the plaintiff did the work in the ordinary and usual manner, and with such care and caution as a reasonably prudent man would have exercised, he would not have been guilty of contributory negligence; otherwise he would.

4. The defendant insists that the court ought to have submitted to the jury the question whether the existence of the nail in the plank or the slipping of the ladder was the proximate cause of the injury. This point is without merit. While it is generally a question for the jury as to which of two apparently efficient causes is to be regarded as the proximate cause of the injury, still we do not think that under the facts of the present case it was issuable. The fall produced by the slipping of the ladder was plainly the direct cause. "Although an act of the plaintiff himself, intervening between the defendant's wrong and the injuries suffered, has concurred in producing the damages for which a recovery is sought, the defendant is not thereby excused, if such intervening act was the natural result of, or was naturally and reasonably induced by the antecedent act of the defendant." *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (59 S. E. 442); Watson on Damages, §75.

The court, at the request of counsel for the plaintiff, gave in charge to the jury section 3819 of the Civil Code, which prescribes the circumstances under which an employer is liable for the negligence of an independent contractor. This section is without the remotest applicability to a case like the one at bar. It doubtless tended to confuse the jury. The act of which the plaintiff complained was not the wrong of an independent contractor, but of the master himself through his alter ego, the president or the general superintendent. Section 3819 of the code relates exclusively to cases where the act complained of was not done by the master or his immediate representative, but was done by some independent contractor whom the proprietor had employed to handle some particular work.

6. The plaintiff in error also complains of the charge of the court as follows: "If you believe from the evidence in this case —by a preponderance of it—that the plaintiff was directed by the manager of the Sparta Oil Mill to do any work of repairs to any part of said mill, and that the mounting of a ladder was necessary to said work, and that the holding of said ladder was necessary to its safety, and that the master directed the party holding the same to leave it for other work, and that the plaintiff, being ignorant that such support was gone, undertook to descend, and that the ladder fell, causing injury, hurt, and damage to his person, and you find that said act of said vice-principal of the master was negligence, the plaintiff has a right of action here against the Oil Mill for damage, and you would be authorized to find a verdict for whatever money damages it is shown was sustained by him in the doing of it, and whatever is right and correct in the minds and consciences of an impartial jury." This charge is not subject to the specific objections made against it; but since there is to be another trial, we will point out certain changes that should be made in it. As it is written (subject to the changes indicated) it is a very clear and pertinent instruction to the jury. Instead of the clause "that the plaintiff, being ignorant that such support was gone, undertook to descend," it would be better to say that "if the plaintiff did not know and in the exercise of ordinary care could not have known that the support was gone, and undertook to descend," etc. At the conclusion of the charge the court should add, "provided that the jury find that

the defendant was not guilty of any material negligence contributing to bringing the injury upon himself." The pleadings and the evidence do not present a case where the judge should instruct the jury upon the principle that if the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence after the same became known to him, the plaintiff could not recover. See *Ga., Fla. & Ala. Ry. Co.* v. *Sasser*, 4 *Ga. App.* 276 (6), 283 (61 S. E. 505). There is of course a plain difference between negligence of the plaintiff in contributing to or bringing about the injury, and negligence on his part in failing to protect himself from the consequences of the defendant's negligence after the latter became operative. In this case the plaintiff, who was flying through the air as soon as the negligence of the defendant became apparent, could hardly have had any chance to be guilty of negligence in failing to protect himself from the consequences of the defendant's wrong.

*Judgment reversed.*