### 3208.   WILSON v. BARNARD.

HILL, C. J. 1. The amendment to the answer, although filed after the time for answering had expired, was properly verified as required by section 5640 of the Civil Code (1910), and there was no error in allowing it. Besides, the amendment set up no defense that was not substantially made by the original answer.

2. Under the plea of non est factum to a suit on a note, the defendant may deny either the execution of the note by him altogether, or its execu-

tion by him in its present shape; and proof of either allegation would sustain the plea, provided, in case of alteration, the change was material. Civil Code (1910), § 4295; Joyce on Defenses to Commercial Paper, § 135.

3. Where the signature to a note sued on is attacked on the ground that it is a forgery, an admittedly genuine signature of the person purporting to have signed the note is admissible for the purpose of comparison, and to aid in the determination of the issue as to the genuineness of the signature in dispute, and the jury can make a physical inspection of both the genuine signature and the one in dispute. Joyce on Defenses to Commercial Paper, §§ 96, 97, and cases in notes.

4. In support of his plea of non est factum, it was not error to permit the defendant to introduce in evidence a blank copy of a note, which he testified was an exact copy of the one he executed, for the purpose of showing dissimilarity between that and the note sued on and alleged to be a forgery.

5. When a plea of non est factum is filed under oath to a suit on a note, the burden is upon the plaintiff to prove the execution of the note sued on. *Paulk* v. *Creech*, 8 *Ga. App.* 738 (2), (70 S. E. 145). It was not error for the trial judge, during the course of his charge, to instruct the jury repeatedly to the foregoing effect. One time would have been sufficient, but needless repetition in a charge of a correct principle of law, applicable to the pleadings and evidence, would not be error.

6. Where a plea of non est factum is filed to a suit on a note, the plaintiff must prove the execution of the note sued on, before the presumption of law would arise that he was a bona fide holder for value; and, after charging sections 4286 and 4288 of the Civil Code (1910), the court did not err in also charging the above qualification.

7. The alteration of the name of the payee in a note, without the knowledge of the maker, is a material alteration, and would constitute a good defense to an action against the maker of the note. Joyce on Defenses to Commercial Paper, § 158, and cases cited; 3 Randolph on Commercial Paper, §§ 1749, 1777.

8. This court has repeatedly ruled that in the absence of legal error, it has no jurisdiction to interfere with a verdict supported by some evidence, although the verdict was against the preponderance of the evidence. The decisions cited to the contrary, applicable to the Supreme Court, were rendered prior to the constitutional amendment restricting the jurisdiction of that court and this court to the decision of errors of law and equity, and are not now in point.

9. Other grounds of alleged error contained in the motion for a new trial, not specifically covered by the foregoing notes, are without substantial merit.

10. There was evidence in support of the plea of non est factum, and the verdict for the defendant was authorized, and there was no error in refusing a new trial. *Judgment affirmed.*

DECIDED NOVEMBER 20, 1911.

Complaint; from city court of Cartersville—Judge Foute. December 2, 1910.

*John F. Norris,* for plaintiff. *Neel & Neel,* for defendant.