### 9893. ESTES v. THOMAS.

JENKINS, J. This was an action for libel, in which it was alleged that while the plaintiff was a candidate for re-election to a certain municipal office, the defendant caused to be written, printed, and circulated certain false, malicious, and defamatory statements, charging the plaintiff with having cheated, robbed' and defrauded him of certain money which the plaintiff, as his attorney, had collected for him on a claim growing out of a damage suit. The defendant admitted the publication and circulation of the charge, and pleaded its truth as justification; and this was the only defense relied upon. The verdict was for the defendant. Error is assigned on the overruling of the plaintiff's motion for a new trial. *Held:*

1. The motion to dismiss the bill of exceptions, on the ground that the rule of this court as to the manner of preparing briefs of counsel (Civil Code of 1910, § 6338) was not complied with by counsel for the plaintiff in error, is without merit. Civil Code (1910), § 6182; *Barfield Music -House* v. *Harris*, 20 *Ga. App.* 42 (92 S. E. 402).

2. The verdict, though not demanded, was supported by evidence sufficient to authorize it, and will not be disturbed on the general grounds of the motion for a new trial.

3. The 4th ground of the motion for a new trial assigns error because the court gave in charge to the jury section 4436 of the Civil Code (1910), as to privileged communications, except subsection 4, which relates to reports of proceedings of legislative and judicial bodies. It is contended, that, one of the subsections given being applicable, it is not cause for a new trial that other parts of this section which the judge read to the jury were not applicable, it not appearing that the reading of the inapplicable parts tended to mislead the jury or erroneously affect their verdict, to the prejudice of the complaining party. See *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389 (3) (46 S. E. 405). Subsection 6, the only portion of the section which it is contended was applicable in the present suit, provides that "Comments upon the acts of public men, in their public capacity, and with reference thereto," are privileged communications. Since the alleged libel, if it were in fact untrue, could not be justified on the ground that it was made bona fide and related to the acts of the plaintiff as a public man and in his public capacity, the contention as to the applicability of this subsection, it being the only one

thus relied upon, is without merit; and since the charge here complained of might have reasonably misled and confused the jury, to the prejudice of the plaintiff, a new trial must follow.

4. The exception taken in the 5th ground of the motion for a new trial is without substantial merit.

5. The charge complained of in the 6th ground of the motion for a new trial was not an accurate statement of the law, since the rule is, that, unless the communication be a privileged one, the bona fides of the motive, purpose, and intent of the person publishing the libel is not involved. In other and different portions of the charge the correct rule seems to have been clearly indicated, without, however, undertaking to correct the inaccuracy here referred to. See, in this connection, *Central of Georgia Ry. Co.* v. *Deas*, 22 *Ga. App.* 425 (96 S. E. 267).

6. The exception taken in the 7th ground of the motion for a new trial is without merit.

7. The assignment of error in the 8th ground of the motion for a new trial is not properly presented.

*Judgment reversed.* *Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 16, 1919.

·Libel; from city court of Waycross—Judge McDonald. December 31, 1917.

1-3. The matters ruled upon in paragraphs 1, 2, and 3 of the decision are sufficiently stated therein.

4. The 5th ground of the motion for a new trial is that the court erred in charging: "The relation of attorney and client has always been regarded as one of special trust and confidence. The law therefore requires that all the dealings between an attorney and his client shall be characterized by the utmost fairness and good faith, and it scrutinizes with great closeness all transactions had between them." The exception taken is that this "was calculated to lead the jury to believe that in the trial of the issue presented to them, they could find for the defendant upon a weaker showing of justification than would be required if the plaintiff had not been a lawyer."

5. The 6th ground is that the court erred in charging: "If Mr. Estes was not guilty of the matters and things set up and charged against him in that circular, and Mr. Thomas [the defendant] published that circular, and it was for the purpose of injuring and damaging Mr. Estes, then Mr. Estes, the plaintiff in this case, would be entitled to recover against him in such amount as you think in your judgment would be fair, just, and proper." This is alleged to be error because "if the charge was untrue, the law implies malice, no matter what the purpose of the defendant was."

6. The 7th ground is that the court erred in charging: "The existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired." (Civil. Code of 1910, § 5751.) It is alleged that this instruction "was not applicable to any issue or circumstance in the case, and was calculated to mislead and confuse the jury."

*John W. Bennett, Parks & Reed,* for plaintiff.

*H. M. Wilson, A. B. Spence,* for defendant.