### 13982.　DIXIE MANUFACTURING CO. *v.* RICKS.

1. In the trial of a suit by a servant against his master for damages for injuries to the plaintiff's hand, a witness testified: " It seemed like it was torn loose all down there; it seemed like everything was torn off down there, all the flesh and everything, and it was spliced back." This evidence was admitted over the objection of the defendant that the witness did not see the plaintiff's hand until about thirteen days after the injury, and that " while a description of plaintiff's hand at the time of the injury " or at the time of the trial " would be competent, such a description of the hand at an intervening period would not be competent." The assignment was not sufficient to raise the question whether a non-expert witness could so testify, and there was no error in admitting the evidence, over the objections interposed.

2. There being no averment that the defendant was negligent in selecting or employing the plaintiff, except in the alleged fact that the plaintiff, at the time of the employment and of the injury, was under the age of 14 years, an instruction that if the plaintiff was over or more than 14 years of age the burden would be upon the plaintiff to show " *that the defendant was negligent in the failure to exercise ordinary care in selecting or employing him* [italics ours], or in like care in furnishing machinery equal in kind to that in general use and reasonably safe for all persons to operate it with ordinary care and diligence, the burden being upon the plaintiff," while inappropriate both to the pleadings and the evidence, is not subject to the assignment that " by this charge the court placed upon the defendant a duty not required in law, and fixed it with liability for having hired the plaintiff, even though he

28

should be found to have been 14 years or more of age at the time he was employed," notwithstanding the evidence was issuable in regard to the plaintiff's age. The burden which the charge imposed was really upon the plaintiff, and there being no assignment that the charge was not pertinent nor applicable to the issues, and the court having almost in the same connection expressly informed the jury that the plaintiff could not recover except upon acts of negligence alleged, the excerpt complained of is not cause for a new trial.

3. "It was not cause for a new trial that the judge read in charge to the jury a code section part of which was applicable to the case under consideration and part not, it not appearing that the reading of the inapplicable part was calculated to mislead the jury, erroneously affected their verdict, or was prejudicial to the rights of the complaining party." *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389 (3) (46 S. E. 405).

4. It is not reversible error that the court twice in immediate sequence instructed the jury that "the employment of a minor under the prescribed age in a factory, in disobedience of the statute prohibiting such employment, is negligence per se; and if injury to such child proximately results from his employment, a right of action in his favor arises." The giving of this instruction "one time would have been sufficient, but needless repetition in a charge of a correct principle of law applicable to the pleadings and the evidence would not be error." *Wilson* v. *Barnard*, 10 *Ga. App.* 98 (5) (72 S. E. 943).

5. The verdict is not so excessive as to manifest bias, prejudice, mistake, or any improper influence, and, having been approved by the trial court and being a second verdict in favor of the plaintiff for the same amount (the first verdict having been set aside because of an error committed during the trial), this court will not disturb it. We can not say the verdict is so large as to make the rule applicable that inaccuracies in the charge may be more persuasive than ordinarily toward the grant of a new trial.

(*a*) In determining whether a verdict is excessive, it is immaterial in this court that the plaintiff, by undergoing a surgical operation, might render his hand more serviceable.

6. The court did not err in overruling the defendant's motion for a new trial.

DECIDED JUNE 25, 1923.

Action for damages; from Fulton superior court — Judge Bell. September 23, 1922. See 153 *Ga.* 364.

Suing by another as next friend, J. L. Ricks recovered against the Dixie Manufacturing Company a verdict in the sum of $5,000, for injuries to his left hand while in the employment of the defendant in the operation of a machine known as a carding frame.

Among other things it is alleged that the defendant was negligent "in that it employed petitioner, a minor of the age of thirteen years to work in or about a twine factory or mill during the

aforesaid hours, which is negligence per se, and in violation of the laws of Georgia." The other averments of negligence were based upon the alleged violation of certain of the duties imposed upon the master by section 3130 of the Civil Code, but there was no allegation that the master had violated that part of the section providing that "the master is bound to exercise ordinary care in the selection of servants and not to retain them after knowledge of incompetency."

The plaintiff's evidence showed that he was thirteen years of age on May 13 next prior to the injury on July 29, 1918, although there was some evidence to authorize an inference that he was old enough to have been lawfully employed by the defendant at the time of the injury. The defendant's motion for a new trial being overruled, it excepted. The case was before this court upon a former occasion, when the verdict was set aside because of an error in the trial. The verdict was in favor of the plaintiff for the same amount at the first trial.

*Dorsey, Brewster, Howell & Heyman, T. B. Higdon,* for plaintiff in error.

*Hewlett & Dennis,* contra.

BELL, J. (After stating the foregoing facts.)

·1. The first headnote does not require any further statement.

2. One of the excerpts from the charge of the court complained of in the amended motion for a new trial is as follows: " For the plaintiff to recover in this case, it is necessary for you to find, as a matter of fact, that the defendant employed him, that at the time he was under fourteen years of age, or that he was employed to work at night under the age of fourteen and a half years, that he was injured while so employed, that the injury was not the result of such contributory negligence that would prevent his recovery, that his employment by defendant was the proximate cause of his injury, or, if the plaintiff was over or more than fourteen years of age, that the defendant was negligent in the failure to exercise ordinary care in selecting or employing him, or in like care in furnishing machinery equal in kind to that in general use and reasonably safe for all persons to operate it with ordinary care and diligence, the burden being upon the plaintiff." It is assigned that this charge was error for the reason that the defendant " was under no duty to plaintiff to exercise

ordinary care in selecting or employing him if it should be found he was over fourteen years of age at the time of his employment. There was evidence to show that plaintiff was over fourteen years of age, and defendant contends that this was the case. By this charge the court placed upon defendant a duty not required in law and fixed it with liability for having hired plaintiff, even though he should be found to have been fourteen or more years of age at the time he was employed."

While it was inappropriate, under the pleadings and the evidence, to charge that the plaintiff, before being able to recover, if more than fourteen years of age, should prove that the defendant was negligent in failing to exercise ordinary care in selecting or employing him, the instruction is not subject to the criticism that it imposed upon the defendant a duty not imposed by law. The reference was rather to the burden to be carried by the plaintiff. Compare *Atlantic Coast Line R. Co.* v. *Thomas,* 14 *Ga. App.* 619 (1) (82 S. E. 299) ; *Roberts* v. *Martin,* 15 *Ga. App.* 205 (2) (82 S. E. 813) ; *Southern Railway Co.* v. *Weatherby,* 20 *Ga. App.* 399 (3) (93 S. E. 31) ; *Holloway* v. *Hoard,* 140 *Ga.* 380 (2) (78 S. E. 928). Immediately preceding the excerpt above quoted, the jury were told that " the plaintiff must recover if at all upon the specific act or acts of negligence complained of in his petition, *and I have called your attention to what they are* [italics ours]. He could not recover for other and different acts of negligence than those set forth in his petition." There is no assignment that the charge injected into the case an issue not authorized by the evidence or the pleadings. This ground of the motion is not cause for a new trial.

3. Another ground of the motion for a new trial is that the court erred in charging the jury that " the master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency," the assignment of error being as follows : " that this part of the court's charge has no basis or foundation in the evidence or issues in this cause. It was not contended by plaintiff or by defendant that plaintiff's injury was the result of incompetency on the part of any fellow servant of defendant. Plaintiff based his cause of action upon his employment by defendant to work at a defective carding machine. He does not claim that his injury was in any wise due to the

negligence of any fellow servant." It is true that "in no trial should the scope of the court's instructions to the jury be more limited or more extensive than the range of the relevant evidence properly submitted therein. The charge of the court should be pertinent and applicable to the issues presented by the evidence, and it is error to charge the jury upon a theory which is not sustained by evidence" (*Virginia Bridge Co.* v. *Crafts, 2 Ga. App.* 126 (1) (58 S. E. 322), but it is also a rule that "an irrelevant charge will not cause a new trial, where it does not prejudice any right of the parties and is not likely to mislead the jury from the true issues of the case." *Long* v. *Gilbert, 133 Ga.* 691 (5) (66 S. E. 894); *Sparta Oil Mill* v. *Russell, 6 Ga. App.* 293 (5) (65 S. E. 37); *Haugabook* v. *Atlantic & Birmingham Ry. Co., 130 Ga.* 264 (1) (60 S. E. 455).

The plaintiff did not contend that the defendant was negligent in the employment of any other servants, nor of the plaintiff except as alleged in one of the specifications of negligence quoted in the statement of facts. In this connection we may again refer to the fact that the court instructed the jury that the plaintiff could not recover, if at all, except upon the specific act or acts of negligence alleged in the petition, with the further statement that "I have called your attention to what they are."

In view of the further circumstance that the excerpt complained of is drawn merely from the part of the charge which included verbatim section 3130 of the Civil Code, what is said by the Supreme Court in *Eagle & Phenix Mills* v. *Herron, 119 Ga.* 389 (3), 393 (46 S. E. 405), is controlling on the question presented. Upon the identical question the Supreme Court said: "In charging the jury as to the duty of a master to his servant, the court read section 2611 [3130] of the Civil Code in its entirety. The motion complains that the first clause of the section in question, to wit: 'The master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency,' was inapplicable to this case, and should not have been given, and error is assigned on the charge for that reason. It is true that there was not involved in this case any question as to the diligence or negligence of the master in the selection or retention of its servants, and it would perhaps have been best if the clause quoted had been omitted from the charge. It is not made

to appear, however, in what way, if any, this charge injuriously affected the rights of the defendant company; and it is difficult to conceive that the jury were misled or in any way influenced by it, or that it could have affected the verdict. The refusal to grant a new trial on this ground will not, therefore, work a reversal of the judgment." See also *Lucas* v. *State,* 146 *Ga.* 315 (13) (91 S. E. 72); *Martin* v. *Hale,* 136 *Ga.* 228 (2) (71 S. E. 133); *Pope* v. *Pope,* 95 *Ga.* 87 (4) (22 S. E. 245); *Central Railroad Co.* v. *Robertson,* 95 *Ga.* 430 (2) (22 S. E. 551); *Williams* v. *Mc-Cranie,* 27 *Ga. App.* 693 (3) (109 S. E. 699).

4. The court charged the jury twice in immediate sequence in the language set forth in the third headnote. The principle was correct. The contentions of the defendant were fully and fairly submitted, and the charge can hardly be the subject of criticism aside from the inaccuracies already noted. The fact that the two sentences are identical and that one immediately follows the other strongly indicates that the repetition was a mere inadvertence, and an intelligent jury must have so understood. There is no reversible error in the repetition, if error at all. " When a plea of non est factum is filed under oath to a suit on a note, the burden is upon the plaintiff to prove the execution of the note sued on. *Paulk* v. *Creech,* 8 *Ga. App.* 738 (2) (70 S. E. 145). It was not error for the trial judge, during the course of his charge, to instruct the jury repeatedly to the foregoing effect. One time would have been sufficient, but needless repetition in a charge of a correct principle of law, applicable to the pleadings and evidence, would not be error." *Wilson* v. *Barnard,* 10 *Ga. App.* 98 (5) (72 S. E. 943). See also *Milledgeville Cotton Co.* v. *Bacon,* 138 *Ga.* 470 (4) (75 S. E. 604).

5. It is assigned that the verdict is excessive. A holding two or three decades ago that a particular verdict was excessive is of doubtful value now as a criterion or precedent. The wage of the remote past was incomparably less than that which has obtained during more recent times, and the value of a dollar is not what it once was. There were two physicians testifying, one for the plaintiff and one for the defendant. The jury were authorized to adopt the more favorable evidence, and we will, therefore, refer briefly to the evidence of the plaintiff's witness, Dr. Eskridge, who treated the wound immediately after the injury: " His (the plaintiff's)

hand was badly mangled. . . Most of the skin was removed, down to the bone, and the bones were fractured; and it also injured the tendons, the attachments to the fingers, allowing and giving motion. The tendons of the first, second, and third fingers were badly injured, and the tendon to the index finger severed. . . The trouble with his hand now is that he has some contraction and deformity of three fingers of the left hand, and also a deformity of the little finger. . . The tendons of the index finger are entirely severed, and the second and third fingers were badly injured and are now adhered to the scar of the skin wound. . . From my examination of him to-day, and the history of the case, he has a permanent injury to his hand, in my opinion. . . He cannot use that hand to any advantage in manual labor now."

The injury occurred July 29, 1918. The second verdict was rendered May 2, 1922. The plaintiff testified: "The part of my hand that I can use is my little finger and my thumb. I cannot move the first, second, and third fingers. I can touch anything, but I haven't got any strength in them. Before I was injured I had perfect use of that left hand. . . I have as much strength in my thumb as I had before the injury, but I haven't in the little finger. My thumb was not hurt, but the little finger was broken in one joint, and it is stiff. He further testified that it was 15 or 20 minutes from the moment of the injury before his hand could be extracted from the machine, and "when I got my hand out it was bloody, and you could see the bone in places; and the flesh was torn up and it was very painful;" that he stayed at the hospital on account of the injury for about two weeks, and that his hand pained him "awfully" a part of this time. "They shot dope in my arm, but it didn't do much good. Sometimes it relieved the pain and sometimes it didn't. As to whether it hurt just at times or all the time, sometimes it hurt worse than others, but it always hurt some. . . After I took the bandage off it was deformed and had a large scar on the back of it, and the bones seemed to be broken." The plaintiff was earning $9 per week at the time of the injury, when he was, according to his own evidence, less than 14 years of age, while the jury could have found that at the time of the trial he was earning only $6 per week at the age of 17 years. He testified that he was no longer able to do the work at which he was engaged at the time of the injury. The

physicians both testified as to the possibility of rendering his hand more useful by an operation, but this was uncertain.

In *Southern Bell Telephone Co.* v. *Davis,* 12 *Ga. App.* 28 (6) (76 S. E. 786), this court declined to set aside a verdict for $12,500 for the loss of a hand on the ground that it was excessive. While the plaintiff in this case has not lost his hand, the evidence would authorize the inference that he had practically lost the use of it. (It is immaterial, upon review, that a surgical operation might render the plaintiff's hand more serviceable.) *Southern Railway Co.* v. *Cunningham,* 123 *Ga.* 90 (7) (50 S. E. 979) ; *Southern Bell Telephone Co.* v. *Davis,* supra. The jury were not limited to a consideration of the diminution of the plaintiff's earning capacity, but could take into consideration his pain and suffering, and the mortification from the consequent deformity. The plaintiff appears to be so situated in life that he must earn his living almost exclusively by the use of his hands. The law says that the measure of the damages in a case of this sort is to be fixed by the enlightened consciences of impartial jurors; and the trial judge having approved this (a second) verdict for the same amount ($5,000), this court can not say that the verdict is so grossly excessive as to manifest prejudice, bias or mistake, or improper motive on the part of the jury. See *Really Bond Co.* v. *Harley,* 19 *Ga. App.* 186 (2) (91 S. E. 254).

Adverting to the other grounds of the motion for a new trial, we are aware of a rule that if the verdict is very large and is attacked as being excessive, the court will look very closely into the rulings upon the trial, and will award a new trial for errors which might not in other cases be of sufficient importance to warrant such action (*Ransone* v. *Christian,* 49 *Ga.* 491 (2) ; *Western & Atlantic R. Co.* v. *Young,* 83 *Ga.* 512 (2), 10 S. E. 197), but we do not think that there were any errors of sufficient importance to have affected the amount of the verdict, or that the amount of the verdict is such as to require an application of any except the ordinary rules to the other assignments.

Finally, let it be noted that this is the second verdict upon substantially the same facts for the same amount. This is important and enters materially into our decision. *Henderson* v. *Fox,* 83 *Ga.* 233 (8) (9 S. E. 839) ; *Powell* v. *Augusta & Summerville R. Co.,* 77 *Ga.* 192 (14) (3 S. E. 757).

6. The evidence authorized the verdict, and, the trial judge having approved it, this court will not interfere.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., disqualified.*