15045.   KIRKLAND *v.* BREWTON.

BELL, J.   1. Where land is sold by the tract, and in the bond for title evidencing the sale it is recited, merely as a part of the description, that the land contains so many acres, "more or less," the vendee, when sued for the purchase price or a balance thereof, cannot have an apportionment of the price on account of an alleged deficiency in the acreage, without alleging and proving actual fraud on the part of the vendor. *Montgomery* v. *Robertson,* 134 *Ga.* 66 (1) (67 S. E. 431).

2. In such a case the part of the Civil Code (1910), § 4622, which defines constructive fraud is inapplicable, and, standing alone, would not be proper to be given in charge to the jury, but the mere fact that the judge interjects into his charge some abstract principle of law inapplicable to the issues of the case does not always require a reversal. Where such an instruction has been given, the reviewing court looks to the whole record, to see if the complaining party in fact suffered prejudice. If so, a new trial will result; otherwise not. See, in this connection, *Nation* v. *Jones,* 3 *Ga. App.* 83 (3) (59 S. E. 330); *Sparta Oil Mill* v. *Russell,* 6 *Ga. App.* 293 (5) (65 S. E. 37); *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53 (92 S. E. 391); *Estes* v. *Thomas,* 23 *Ga. App.* 301 (3) (98 S. E. 101); *Commercial Bank of Jasper* v. *Dasher,* 24 *Ga. App.* 736 (102 S. E. 177); *Dixie Mfg. Co.* v. *Ricks,* 30 *Ga. App.* 433 (3) (118 S. E. 452); *Eagle & Phenix Mills* v. *Herron,* 119 *Ga.* 389 (3) (46 S. E. 405); *Long* v. *Gilbert,* 133 *Ga.* 691 (3) (66 S. E. 894); *Martin* v. *Hale,* 136 *Ga.* 228 (2) (71 S. E. 133); *Louisville & Nashville R. Co.* v. *Culpepper,* 142 *Ga.* 275 (82 S. E. 659). The court having in the instant case charged the entire code section mentioned, in which actual fraud and constructive fraud are distinguished, and having several times informed the jury that the defendants' plea could not be sustained without proof of actual fraud, the plaintiff could not have been prejudiced by the inapplicable instruction defining constructive fraud. See, in this connection, *Martin* v. *Hale,* supra; *Neel* v. *Powell,* 130 *Ga.* 756 (2), 760 (61 S. E. 729); *Netherton* v. *Netherton,* 142 *Ga.* 51 (3) (82 S. E. 449); *Reddick* v. *Strickland,* 25 *Ga. App.* 275 (4) (103 S. E. 94).

3. The court charged the jury: "Before you can go into the question of actual fraud, you must determine from this comparison of the amount actually obtained in the sale and the amount alleged to have been sold, either in the representations or in the amounts named in the contract of sale, and if there is a suspicion of an intention to deceive upon the part of the plaintiff towards the defendants, or the deficiency is so gross as to amount to a fraud, then you would be authorized to look to the facts and circumstances of the case otherwise and determine whether or not there was actual fraud." It is assigned that this charge

is error for the reason that the preliminary question of the deficiency in the acreage must be ascertained solely from the contract and the quantity of the land obtained in the sale, and not by a comparison of such actual acreage with any representations that may have been made by the vendor. The bond for title in this case described the land as containing 75 acres, "more or less." "Under the rule of the code, where the qualifying words 'more or less' are used, no number of acres whatever, according to the writing, is sold other than the number contained in the tract, and this number is subject to be ascertained by parol evidence, whatever number may be mentioned in the deed" or contract. *Estes* v. *Odom*, 91 *Ga.* 600 (2), 608 (18 S. E. 355). Under the decision in that case the charge here complained of was not error. Furthermore, there being no representations broader than the writing, the charge could not have been harmful to the plaintiff, even if incorrect.

4. Error is assigned upon the following charge: "The plea undertakes to set up fraud upon the part of the plaintiff in the negotiations of the sale of the land, and also fraud in the procuring of their signatures to a certain bond for title. Those are the two specific grounds of fraud that are set up, and they ask for an apportionment or damages for the fraud alleged." It is contended that the excerpt, in stating that the defendants set up fraud in the procuring of their signatures to the bond for title, was unauthorized by the plea, which alleged fraud only in the misrepresentations of the vendor as to the quantity of land. In the first place, it does not appear that the defendants signed the bond for title, but only the notes sued on, and it is true that the sole ground of defense pleaded was a deficiency in the acreage, attended with alleged actual fraud, by reason of which the defendants claimed an apportionment of the purchase price, but it does not appear that the vendor plaintiff could have been prejudiced by the impertinent reference to another defense, for the reason that the entire charge, excepting this extract, clearly and fully submitted the issue as made by the defense actually pleaded, and the jury could not have been misled by the charge as a whole into giving the defendants the benefit of a defense not pleaded and about which no evidence was submitted nor any issue or contention made. See the authorities cited in paragraph 2 above.

5. The court, after giving in charge section 4122 of the Civil Code, did not err in telling the jury: "That is the law; that last that I have called your attention to is the law governing this case,—that where a tract of land is sold by the tract and specified as so many acres, more or less, then if the discrepancy or the deficiency in the number of acres is so gross as to justify the suspicion of fraud or a mistake amounting to fraud, a suspicion of wilful deception, or a mistake so gross as to amount to fraud, then it is such a contract as would be apportionable." The court did not, in so charging, "unduly emphasize so much of the code section as permits the apportionment on account of a deficiency." "One time would have been sufficient, but needless repetition in a charge of a correct principle of law, applicable to the pleadings and evidence, would not be error." *Wilson* v. *Barnard*, 10 *Ga. App.* 98 (5) (72 S. E. 943); *Dixie Mfg. Co.* v. *Ricks*, 30 *Ga.* App. 433 (4) (118 S. E. 452 (4)).

6. The court charged: "You see, if the deficiency was not greater than that

which in your opinion would be covered by the term 'more or less,' then the defendants would not be entitled to recover for the deficiency, but if it was such, in your opinion, under all the facts and circumstances of the case, as to be greater than that which should be covered in the particular case by the term 'more or less,' then the defendants would be entitled to offset, *under the principles of law already given you in charge.*" (Italics ours.) It is assigned that this charge was error in authorizing the jury to render a verdict in favor of the defendant in the event "the shortage justified it, regardless of whether or not there was actual fraud perpetrated by the plaintiff." The portion of the charge italicized was inapt, as tending to the conclusion that a deficiency greater than that which might be covered by "more or less" would, as a matter of law, make out the defense within the meaning of the instructions given upon the subject of actual fraud. Standing alone, such a charge might be error upon the ground that it expressed an opinion upon the facts. But the court repeatedly told the jury, both before and after giving this instruction, that the defendants would not be entitled to an apportionment of the price unless the jury should find actual fraud. This issue was most fairly and fully submitted, and, in view of the charge as a whole, the jury could not reasonably have understood, and probably did not understand, that the judge intended by this inapt expression to pass judgment, or that he had any opinion, upon the facts. Considering the entire charge, the excerpt complained of is not reversible error.

7. Under the facts of this case the court did not err in charging that "previous knowledge of the land or its boundaries would not preclude the vendee from recovering for fraudulent misrepresentations as to quantity, if without fault on his part he was actually deceived and defrauded by the misrepresentations, provided the deficiency was more than could be fairly covered . . by the phrase 'more or less.'" See *Estes* v. *Odom*, 91 *Ga.* 600 (4) (18 S. E. 355).

8. There was no error in the admission of testimony as to the antecedent oral negotiations between the parties, or as to alleged misrepresentations of the vendor at the time of the execution of the writings in consummation of the sale, upon the ground that all such statements were merged in the written contract and that there was nothing in the pleadings to justify the admission of such testimony. Even if the defendants did not plead a misrepresentation by the vendor as to the meaning of the words "more or less," and even if such a misrepresentation would not be one of fact, evidence thereof was properly admitted as a part of the res gestæ and as corroborative of the ultimate fact of actual fraud sought by the defendants to be established. Neither did the court err in permitting one of the defendants to testfiy that he had never bought any land before and did not have any idea of the meaning of the words "more or less" in a deed, nor in allowing proof of the subsequent conduct and statements of the vendor, for the purpose of shedding light upon his intent or motive in the original transaction. See, in this connection, *Summerour* v. *Pappa*, 119 *Ga.* 1 (2) (45 S. E. 713); *McCrary* v. *Pritchard*, 119 *Ga.* 876 (4) (47 S. E. 341); *Rosenthal* v. *Gordon*, 142 *Ga.* 682, 686 (83 S. E. 511).

9. The tract was sold as 75 acres, "more or less," and it indisputably appears that it was thereafter found to contain but 56-1/2 acres. Whether the deficiency was in itself so gross as not only to justify the suspicion of wilful deception or mistake amounting to fraud, but also to authorize an inference of the fact of actual fraud (see *Bryan* v. *Yates*, 7 *Ga. App.* 712 (67 S. E. 1048); *Milner* v. *Tyler*, 9 *Ga. App.* 659 (2) (71 S. E. 1123), this, with other facts and circumstances disclosed by the evidence, was sufficient to authorize the verdict for the apportionment in favor of the defendants upon the ground of actual fraud. This case is to be distinguished from *King Lumber Co.* v. *Cowart*, 136 *Ga.* 739 (72 S. E. 37). The court in that case was passing upon the sufficiency of the pleadings, while here the question relates to the sufficiency of the evidence. In such pleadings the intent to defraud must be positively alleged, though upon a consideration of the evidence it may be inferred from the circumstances. "The difference between a necessary allegation in a declaration and the evidence which may be sufficient to sustain such allegation is clear." *Kendall* v. *Wells*, 126 *Ga.* 343, 352 (55 S. E. 41); *Emlen* v. *Roper*, 133 *Ga.* 726, 729 (66 S. E. 934).

10. The court did not err in overruling the motion for a new trial.

<i>Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.</i>

DECIDED APRIL 23, 1924.

Complaint; from Tattnall superior court—Judge Sheppard. September 15, 1923.

*C. L. Cowart, Hitch, Denmark & Lovett,* for plaintiff.

*A. S. Way, J. T. Grice,* for defendants.