110 Ga. App. 872 (1965)
140 S.E.2d 214
ATTAWAY
v.
MORRIS.
40958.
Court of Appeals of Georgia.
Decided January 6, 1965.
Fullbright & Duffey, W. O. Green, Jr., James Geiger, Henderson, Kaley, Geiger & Thurmond, for plaintiff in error.
Matthews, Maddox, Walton & Smith, Charles C. Shaw, contra.
JORDAN, Judge.
This was an automobile collision case in which the defendant filed a cross action. The jury found for the defendant on his cross action and the exception is to the denial of the plaintiff's amended motion for new trial. Held:
1. Special ground 4 assigns error on the refusal of the trial court to allow the defendant to answer the following question propounded to him on cross examination: "Well, then this is in error when you say it was alleged?" It is alleged in this ground that the refusal to allow the witness to answer was prejudicial in that the defendant had alleged in his pleadings in paragraph 28(e) that he could not pull to the right on account of following traffic in the easternmost northbound lane, while, on the trial, the defendant testified that he didn't recall any traffic following him in that lane of traffic.
The record discloses that the defendant's testimony in respect to the issue was as follows: "It's according to where that portion is in the petition, I guess, whether it's in error, or whether it isn't. I don't recall any traffic following me in the easternmost lane of traffic. In Paragraph 28-3 [sic] of my pleadings, I allege that I could not pull to the right on account of following traffic in the easternmost lane. I assumed that there was traffic in that lane. I didn't have time to give a signal. I didn't have time to particularly watch for that lane. Well, traffic goes up the street. I was trying to watch the man to *873 try to miss him. I didn't have time to look in my rear view mirror and give the proper signal to get into the right lane, to see if there was any traffic. He stopped and I tried to miss him. No, sir, I don't guess I did know whether there was any traffic there or not."
This ground is without merit as it thus appears from the record that the plaintiff's counsel in effect received an answer to his question; and in any event it was for the jury and not the defendant to determine whether or not his pleadings were supported by the evidence.
2. It was not error as contended in special ground 5 to allow the defendant to testify as to the fair rental value of an automobile for one day over the objection that no proper foundation had been laid for such expert testimony. It was not necessary for the defendant to be qualified as an expert in order to give the testimony elicited where, as here, he had knowledge of facts on which to predicate his opinion, Slaton v. Fowler, 124 Ga. 955 (2) (53 SE 567); and it is immaterial that his knowledge depended on hearsay as such would go to the weight and not to the admissibility of the evidence. Gulf Refining Co. v. Smith, 164 Ga. 811 (4) (139 SE 716).
3. Special ground 6 complains of the refusal of the trial court to allow the plaintiff's doctor to read into evidence an "X-ray report" prepared by someone else. This ground is without merit as such report clearly constituted hearsay. The contention of the plaintiff that the report was admissible as an exception to the hearsay rule for the purpose of explaining the course of conduct of the doctor is unavailing here as it does not appear that the reading of the report was offered for this limited purpose.
4. Special ground 7 which complains of the failure of the court to give certain principles of law in charge to the jury is too incomplete to present any question for determination since this ground does not set forth the pleadings and evidence supporting the charges which it is contended the court should have given, nor is there pointed out where in the record these are to be found. Mazzola v. Swift Mfg. Co., 108 Ga. App. 313 (132 SE2d 812).
5. Special ground 8 assigns error on the following excerpt from the charge of the court as being erroneous as an abstract principle of law: "The law of this State does not impose upon the driver of a motor vehicle the absolute duty to have his *874 vehicle under such control that he can bring it to a stop in order to avoid injury to any person or property which may be in the path of such motor vehicle." This ground is without merit as there is no absolute duty upon a motorist to have his vehicle under such control that he can bring it to a stop in order to avoid injury to person or property, the duty of a motorist in this regard being provided in Code Ann. § 68-1626 (a) as follows: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."
6. Special ground 9 which contends that the court committed prejudicial error in charging a principle of law twice is without merit. Dixie Mfg. Co. v. Ricks, 30 Ga. App. 433 (4) (118 SE 452); Wilson v. Barnard, 10 Ga. App. 98 (5) (72 SE 943).
7. Special ground 10 assigns error on the following excerpt from the charge of the court: "You will determine just what sort of injury he [referring to the plaintiff] received, if any; his character of producing or not producing pain [emphasis supplied], . . . its probable duration, whether it has ceased, or whether it continues to this date, or whether it may continue in the future," it being contended that the italicized portion of the above charge constituted an intimation and expression of the court's opinion as to the character of the plaintiff. The use of the word "his" in place of the word "its" was clearly a slip of the tongue on the part of the court; and in the context used, such verbal inaccuracy could not have misled the jury into believing that the court was referring to the character of the plaintiff rather than to the character of the plaintiff's injuries. This ground is without merit. Southern R. Co. v. Merritt, 120 Ga. 409 (1) (47 SE 908); City of Summerville v. Sellers, 94 Ga. App. 152 (7) (94 SE2d 69).
8. Special ground 11 which contends that the trial court erred in failing to charge the jury the provisions of Code Ann. § 68-1635 (b) after having charged the provisions of Code Ann. § 68-1635 (a) is without merit. Section (b) of this statute requires the driver of the overtaken vehicle, under certain *875 conditions, to give way to the right upon the audible signal of the overtaking vehicle; it does not require the overtaking vehicle to give an audible signal before passing.
Accordingly, since the evidence disclosed that the defendant, as the driver of the overtaking vehicle, did not give a signal to the plaintiff before attempting to pass him, the court would have committed prejudicial error to the plaintiff, if, as contended by the plaintiff, it had charged this section. The case of Awbrey v. Johnson, 45 Ga. App. 663 (165 SE 846), relied upon by the plaintiff, is not applicable here for that case was dealing with a statute, now superseded by the present Code section, which required the driver of the overtaking vehicle to blow his horn before passing.
9. Code Ann. § 68-1626 (a) provides in part as follows: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and [emphasis supplied] having regard to the actual and potential hazards then existing." There is no merit to special ground 12 which contends that the court committed reversible error in its charge of this Code section since the word "and" was omitted between the words "conditions" and "having." Loomis v. State, 78 Ga. App. 336, 337 (2f) (51 SE2d 33); Brown v. Tankersley, 31 Ga. App. 23 (119 SE 459). The omission of the word did not alter the meaning of the sentence and could not have been confusing or misleading to the jury as contended.
10. Special ground 13 assigns error on the italicized portion of the following excerpt from the charge of the court: "I've thus submitted to you, Gentlemen of the Jury, the contentions of the plaintiff on the one hand, and the contentions of the defendant on the other upon the issues as to whether the plaintiff or the defendant is entitled to have and to receive a verdict at your hands. You will not take the statement on the part of the court of the contentions of the two parties as having any evidentiary force or value whatsoever. I have simply recited to you the contentions of the plaintiff and the contentions of the defendant as applicable to the evidence and the law in the case, in order that when you go to your room as jurors you may measure by this standard plaintiff's or defendant's right to a verdict. You will not take the statement of the court as any indication of what the evidence in the case shows the facts to be." Clearly, the court did not *876 in the italicized portion of this charge instruct the jury that the contentions of the parties were the standard by which a verdict should be reached as argued by the plaintiff, and this ground is without merit.
11. There is no merit in special ground 14 which attacks an excerpt from the charge on the grounds that the court therein instructed the jury that the allegations of the pleadings constituted the issues for the jury to determine. This excerpt when viewed in context shows that the court properly charged the jury with respect to the issues for their determination.
12. In special ground 15 it is contended that the trial court intimated or expressed an opinion to the jury as to the respective merits of the contentions of the parties in that the court, in enumerating certain allegations of the plaintiff's petition, used the word (the plaintiff) "contends," but with reference to certain allegations of the defendant's cross action, the court used the word (the defendant) "shows."
While the record in this case discloses that the defendant in his pleadings used the word "shows" in setting forth certain of his allegations and the plaintiff did not, and while the trial court in charging the parties' contentions to the jury stated them in substantially the same language used in their pleadings, it is nevertheless our opinion that the court should have been consistent in its use of the word "contends" when referring to the allegations of the pleadings of both parties. We do not think, however, that the court's failure to do so here constituted prejudicial error in view of the cautionary instructions given to the jury in connection with the court's charge as to the contentions of the parties. The court charged the jury that the pleadings were not evidence and had no probative value, unless admitted, and specifically instructed the jury that "You will not take the statement on the part of the court of the contentions of the two parties as having any evidentiary force or value whatsoever. . . You will not take the statement of the court as any indication of what the evidence in the case shows the facts to be."
In Roberts v. Foster, 86 Ga. App. 131, 136 (70 SE2d 875), this court held with reference to a similar situation as follows: "In special ground 5 the movant complains that the following excerpt from the charge, `That as a direct result of the collision, the defendant shows that his truck was damaged, in that the left front fender was smashed in,' could have been *877 understood by the jury as an expression of opinion by the court, and that the word `contends' should have been used instead of the word `shows.' This language was taken from the defendant's cross action, and the trial judge explained before and after his summary of the pleadings that the pleadings were only the contentions of the parties and were not to be considered as evidence. This ground is without merit." See Daniel v. Etheredge, 198 Ga. 191 (2, 3) (31 SE2d 181).
13. The trial court after summarizing in detail the plaintiff's allegations of negligence against the defendant stated that other specific allegations of negligence and negligence per se could be found in paragraphs 1 through 26 of the plaintiff's petition. Special ground 16 which assigns error on this charge on the ground that paragraph 22 of the plaintiff's petition contained specifications of injuries and not allegations of negligence is without merit.
14. Special ground 17 which assigns error on the refusal of the court to strike paragraph 27 (c) of the defendant's answer on oral motion of the plaintiff is without merit. Peters v. Peters, 84 Ga. App. 14 (2) (65 SE2d 439).
15. Under the testimony adduced in behalf of the defendant, a charge on emergency was authorized and special ground 18 which attacks such charge as being unauthorized by the evidence is without merit. Boatright v. Sosebee, 108 Ga. App. 19 (132 SE2d 155).
16. The evidence authorized the verdict and the general grounds of the motion for new trial are without merit.
Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.