Harlow vs. Rosser, Scurry & Co.

## HARLOW vs. ROSSER, SCURRY & CO.

28 219
101 136
28 219
129 586

1. A second certiorari may be sued out in the same case, provided the first was not dismissed upon the merits.
2. It is not indispensably necessary that the clerk should endorse "filed," on the petition for certiorari.
3. Where a previous certiorari has issued and been answered by the magistrates and subsequently dismissed, the answer of the justices to the first certiorari may be adopted and sent up by them as their response to the second.
4. The firm of A & B sue C on a partnership debt—it is not allowable for C to settle the claim by crediting it with the amount due him by one of said firm, without the knowledge and consent of the other partner.

Certiorari, from Chattooga county. Decision by Judge CROOK, at March Term, 1859.

Rosser, Scurry & Co., sued John Harlow on an account for goods, wares and merchandise, in a justice court. Defendant, upon the trial, proved that Thomas T. Hop-

kins, one of the firm of Rosser, Scurry & Co., being indebted to him, promised and agreed to pay and settle defendant's account with said firm, and in pursuance of said agreement he settled with and gave credit to Hopkins on the account or demand he held against him, Hopkins.

The justice gave judgment for the plaintiffs, and defendant appealed. Upon the trial on the appeal in the justice court, the jury found for the defendant, and plaintiffs excepted, and sued out a certiorari.

Upon the hearing in the superior court, counsel for the defendant moved to dismis the certiorari, on the ground that a former certiorari, returnable to March Term, 1858, had been dismissed. The court overruled the motion and defendant excepted.

Defendant next moved to dismiss the certiorari on the ground that the petition for certiorari was not *filed* in the clerk's office. This motion the court overruled and defendant excepted.

Plaintiffs then proposed to read the return of the justices to the certiorari, to which defendant objected, on the ground that the certiorari bears date 15th April, 1858, and the return proposed to be read, is in answer to a certiorari, dated 9th of February, 1858, and said return bears date 23rd February, 1858. The court overruled the objection and the answer was read, and defendant excepted.

The court sustained the certiorari, and ordered a new trial in the justice court, holding that the defendant could not pay or settle a debt due by him to Rosser, Scurry & Co., with an individual debt or demand, which he held against Thomas T. Hopkins, one of the members of said firm. And to this decision defendant excepted.

JESSE A. GLENN, for plaintiff in error.

ROSSER, represented by D. A. WALKER, *contra*.

Harlow vs. Rosser, Scurry & Co.

*By the Court.*—LUMPKIN, J., delivering the opinion.

1. Was it error in the court to refuse to dismiss the certiorari in this case, because there had been a previous certiorari in the same case which had been dismissed? We think not. It does not appear that the former certiorari was decided upon its merits. We take it for granted it was not—but that it was for some informality or defect in the proceedings.

2. Is it indispensable that the clerk should endorse upon the petition for certiorari, "filed," at such a time? We are of the opinion that it is not.

3. The present writ of certiorari is dated the 15th of April, 1858; and the answer of the magistrates is to a writ which purports to be dated the 9th day of February, 1858. And their return bears date the 23rd of February, 1858. The reading of the return was objected to on the ground that it bore date prior to the writ of certiorari to which it was a response. The explanation of this anacronism is this: The justices adopted and sent up their response to the first certiorari as their answer to this. Suppose the objection were sustained, the only effect would be to require the justices to answer over; and thus delay the case, without being productive of any compensating benefit.

4. The justices allowed a debt due by Harlow to Rosser, Scurry & Co., to be discharged by crediting the amount on an account due him by Thomas S. Hopkins, one of said firm. The circuit judge held, and of course correctly, that this could not be done; and sustained the certiorari on that ground. The contract of copartnership invested Hopkins with no such right, and no special authority was shown to have been conferred on him to that effect. The transaction, from ought that appears to the contrary, was without the knowledge of the other partners, and without any sanction or ratification on their part.

Judgment affirmed.