## BANK OF LaGRANGE *v.* COTTER.

1. A bank to which a partnership had assigned various choses in action as collateral security for an indebtedness due by the partnership to the bank, had the right to apply to the satisfaction of such indebtedness, until fully paid, all collections made upon these choses in action, but did not, in the absence of any contract so authorizing, have the right to apply additional collections upon the collaterals to the payment of other debts due to the bank by the members of the partnership as individuals. Under such circumstances the bank's right to appropriate to its claims against the partners as individuals any surplus remaining after the settlement of the partnership debt depended upon an accounting and an adjustment of the partnership affairs as between the partners themselves; for the bank could not in any event apply money belonging to one of them to the satisfaction of a debt due by the other, without the consent of the former.
2. The jury having returned a special verdict upon questions submitted by the judge, and their findings being warranted by the evidence, this court will not control the discretion of the trial court in refusing to set the verdict aside.
3. Alleged error in entering a judgment upon a verdict can not be considered by this court where no exceptions pendente lite were filed and the bill of exceptions assigning such error was not sued out within the time prescribed by law after the rendition of the judgment of which complaint is made.

Submitted April 15, — Decided May 7, 1897.

Equitable petition.    Before Judge Harris.    Troup superior court.    May term, 1896.

*T. H. Whitaker* and *Longley & Longley*, for plaintiff in error. *Pitman & Harwell*, contra.

COBB, J.    W. A. Reid and W. B. Cotter were each indebted to the Bank of LaGrange on notes signed by them in their individual capacity.    The firm of Reid & Cotter, composed of the individuals above named, were also indebted to the bank. To secure the indebtedness of the firm, certain notes and accounts, which were assets of the partnership, were deposited with the bank as collateral security.    From the assets so deposited a sufficient amount was collected by the bank to pay the debt due by the partnership, and the surplus was applied by the bank to the individual notes of the two partners.    Cotter brought suit against Reid and the bank, alleging that upon a settlement of the partnership affairs Reid would be indebted to him more than Reid's apparent share in the surplus remaining in the hands of the bank; and prayed for a judgment against the bank for the amount which had been appropriated to the payment of the note of Reid.    The jury, in answer to questions submitted to them, found that the notes and accounts assigned to the bank by Reid & Cotter were held as collateral security for firm debts alone, and that upon a final settlement of the partnership business Reid would be indebted to Cotter in an amount larger than the sum appropriated by the bank to the payment of the individual note of Reid.    Upon this verdict the court entered a decree in favor of Cotter against the bank for the amount found by the jury.    The bank made a motion for a new trial, which was overruled; and it then filed its bill of exceptions assigning error upon the refusal of the court to grant a new trial, and also upon the decree as entered upon the verdict.

1, 2. The issues made by the pleadings in this case were submitted to the jury in questions.    While the evidence was conflicting, there was sufficient evidence to authorize the jury to determine the issues in favor of the contentions of the plaintiff.    The facts as above stated are substantially alleged in the

plaintiff's petition. The partnership having assigned the notes and accounts to the bank for the purpose of paying its own debts, the bank had the right to use the assets so deposited for the purpose for which they were deposited, and no other. When the amount realized from such assets was sufficient to pay off and discharge the partnership indebtedness, the surplus remaining in the hands of the bank still remained assets of the firm, and were subject to be treated as firm assets both by the creditors and the members of the firm. The interest of each individual partner in such assets was dependent upon the final winding up of the partnership affairs, and no creditor of an individual member had the right to proceed against such fund or any part thereof as the property of an individual member, until the rights of the other members had been adjusted and a final settlement had been made. The plaintiff not objecting to the appropriation by the bank of his interest in the surplus, it was properly adjudged that that should be paid on his individual debt; but as the interest of his partner was dependent upon a settlement between them, and as the jury found that upon a settlement this partner would be indebted to the plaintiff an amount more than the apparent interest of the partner in the surplus, the bank's application of this part of the surplus to the payment of the other partner's individual debt was a misappropriation of the assets as against the plaintiff. This appropriation having been made without the consent of the plaintiff, under the facts as found by the jury, no other decree than the one rendered could properly have been made in the case. *Hoskins* v. *Johnson*, 24 *Ga.* 625; *Harlow* v. *Rosser*, 28 *Ga.* 219; *Wise* v. *Copley*, 36 *Ga.* 508; *Willis* v. *Henderson*, 43 *Ga.* 325.

3. The judgment on the verdict was entered on November 20, 1895. The motion for a new trial was overruled on May 20, 1896. The bill of exceptions was certified on June 16, 1896. As no exceptions pendente lite were filed, and as the bill of exceptions assigning error on the entering of the judgment was manifestly not sued out in due time, this assignment of error can not be considered. *Van Pelt* v. *Home Building & Loan*

*Association*, 87 *Ga.* 370 ; *Lester* v. *G., C. & N. R. R. Co.*, 90 *Ga.* 802 ; *Corniff* v. *Cook*, 95 *Ga.* 61.

Judgment affirmed.    All the Justices concurring.