### 1863. CARTER & MARTIN *v.* CARTER.

There being conflict in the evidence as to the liability of the defendant for a part of the debt sued for, a nonsuit should not have been granted.

Complaint; from city court of Dublin—Judge Hawkins. March 12, 1909.

Argued June 23,—Decided December 24, 1909.

Carter & Martin, a firm composed of H. C. Carter and J. W. Martin, brought suit upon an open account for $4,272.94 against

J. W. Carter. The defense was payment. At the conclusion of the plaintiff's evidence the court granted a nonsuit; and this judgment is the error assigned. The undisputed evidence shows that the account sued upon was for the purchase-price of a turpentine business owned by the firm of Carter & Martin and sold by them to the defendant. H. C. Carter made the sale for the firm, and it was agreed that J. W. Carter was to pay the purchase-price by paying certain indebtedness of the firm, a list of the items constituting the indebtedness he was to pay having been made out and delivered to him by H. C. Carter. The defendant paid all of this indebtedness; and it is admitted that it was properly paid, except three items, to wit, $128.10, paid to Phillips & Rice, $109.40, paid to L. Mohr & Sons, and $1,100 which the defendant deducted from the purchase-price, claiming that the firm owed him this amount. There is some evidence that the first two items were individual debts of H. C. Carter, and not firm debts. There is no evidence that the defendant, when he paid these two debts, knew or had any reason to think that they were not firm debts. He was to pay the debts of the firm from the purchase-price of the turpentine business, and these two items were on the list furnished him by H. C. Carter for the firm. It was also proved that the consideration of these two debts was certain personal property which was turned over to the defendant, as assets of the firm, after his purchase of the business. The dispute as to the $1,100 which the defendant deducted from the purchase-price, claiming that it was in payment of a debt which the firm owed to him, arose in this way. The defendant, who was introduced as a witness by the plaintiff, gave the following version of the facts: H. C. Carter, was indebted to a bank on a note, and to pay it he was about to sell his interest in the business of Carter & Martin to Meador Brothers. Martin was opposed to this sale, and, to prevent it, proposed to lend H. C. Carter the money with which to pay the note, and let Carter work it out of the business of Carter & Martin. Carter agreed to this plan, and he and Martin, on their individual note, borrowed the money from the bank, and paid Carter's note. The bank, in making this loan, required security. This security, at Martin's request, was put up by J. W. Carter, the defendant, in the shape of a note as collateral, which the latter held against one G. F. Stewart. When the note of Carter and Martin was due at the bank, Martin paid it, and took up the collateral

note of Stewart and collected it from Stewart, and kept the proceeds. The defendant contends that under these facts Martin became indebted to him the amount of the Stewart note; and he therefore deducted it from the purchase-price of the turpentine business bought from Carter & Martin. Martin gave his version of the $1,100 transaction as follows: He testified, that H. C. Carter had given his note to the bank with his father's signature to it as security; that his father charged that the signature was a forgery; that J. W. Carter, the defendant, induced Martin to borrow the money from the bank, on the note of H. C. Carter and Martin, with the Stewart note as collateral; that the defendant promised to pay this note when due and hold Martin harmless; that he did not do so, and Martin paid it; and that, therefore, the proceeds of the Stewart note belonged to him. Martin's contention is that the $1,100 was the individual debt of H. C. Carter, and for the defendant to apply money due by him to the firm of Carter & Martin was a misapplication of the assets of the firm. H. C. Carter agreed that the defendant should deduct the $1,100 from the purchase-price of the turpentine business bought from Carter & Martin.

*James B. Sanders, Hines & Jordan,* for plaintiffs.

*W. C. Davis, J. S. Adams,* for defendant.

HILL, C. J. (After stating the foregoing facts.)

Under the undisputed evidence, it is clear that the plaintiff failed to show any right of recovery, except as to the $1,100. The two debts of $128.10 and $109.40 which the defendant paid for the firm of Carter & Martin, although they may have been the individual debts of H. C. Carter, were nevertheless included in the list of the debts of the firm which H. C. Carter, for the firm, had made out and delivered to the defendant, to be paid by him out of the purchase-price of the turpentine business. The defendant having been thus authoritatively informed by H. C. Carter that these debts were firm debts, and having no reason to believe otherwise, in good faith paid them according to his agreement with the firm; and the amount so paid by him for the firm can not, in law or equity, be recovered from him by the firm or either member thereof. The evidence of Martin and J. W. Carter relating to the $1,100 which the latter paid himself from the purchase-price of the turpentine business is in conflict. If the statement of Martin is the truth of the transaction, then the $1,100 was the individual debt of H. C.

Carter, and so known to the defendant, and he was not authorized to pay it with money which he owed the firm of Carter & Martin. Although the plaintiff had introduced the defendant as a witness, he was not bound by his testimony. While a party can not impeach his own witness, he may nevertheless contradict his testimony and show that the facts are different. Civil Code, §5290; *Skipper* v. *State*, 59 *Ga.* 63 (3) ; *Christian* v. *Macon Railway &c. Co.*, 120 *Ga.* 317 (47 S. E. 923). While H. C. Carter agreed that the defendant might apply the firm's money to the payment of his individual debt, this would not bind the firm or J. W. Martin, unless the latter had also consented to such payment. It is well settled that an individual debt due by one partner can not be set off against a claim due the firm. Civil Code, §3747; *Harlow* v. *Rosser*, 28 *Ga.* 219 (4) ; *Wise* v. *Copley*, 36 *Ga.* 508; *Bank of LaGrange* v. *Cotter*, 101 *Ga.* 134 (28 S. E. 644). If the defendant had agreed to hold Martin harmless as against the note to the bank which was given by H. C. Carter and J. W. Martin to pay the individual debt of the former, then when Martin paid this note he had the right to reimburse himself by collecting and retaining the proceeds of the Stewart note; and by so doing he did not incur any liability to J. W. Carter. The question as to what was the truth in regard to this $1,100 transaction should have been submitted to the jury, and for this reason the grant of a nonsuit was erroneous.

*Judgment reversed.*