ERBA J. PHILLIPS, ADMINISTRATRIX, APPELLEE, V. UNION
PACIFIC RAILROAD COMPANY, APPELLANT.

FILED JULY 1, 1916. No. 18762.

1. **Master and Servant:** INJURY TO SERVANT: ASSUMPTION OF RISK:
PLEADING. "If the assumption of a risk not usually and ordinarily
incident to the service is relied on as a defense in an action
against the master for negligence, such assumption of risk must
be specially pleaded." *Maxson v. Case Threshing Machine Co.*,
81 Neb. 546.

2. **Damages.** A verdict for $16,000 in an action under the federal
employers' liability act on behalf of a widow for damages for
loss of support by reason of the death of her husband, a conduc-
tor, who was earning $113 a month and who had an expectancy of
34 years, plaintiff being younger, *held* not so large as to indicate
that the verdict was the result of passion or prejudice, nor so
clearly excessive as to justify interference by the court.

3. **Jury:** CHALLENGE. "It is the duty of the trial court to decide as
to the fact of qualification of a juror challenged for cause from
a consideration of his entire examination and such other evidence
and circumstances as tend to throw light upon the subject. The
trial court in determining the fact of qualification is not confined
to the answers of the juror alone, but may consider his appearance
and general demeanor while undergoing the examination." *Bemis
v. City of Omaha*, 81 Neb. 352.

4. ———: ———: REVIEW. "In such a case the ruling of the trial
court in deciding a challenge for cause will not be disturbed un-
less an abuse of discretion is shown." *Bemis v. City of Omaha*, 81
Neb. 352.

APPEAL from the district court for Cheyenne county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*Edson Rich, A. G. Ellick* and *B. W. Scandrett,* for ap-
pellant.

*Devoe & Swenson* and *Wilcox & Halligan, contra.*

FAWCETT, J.

From a judgment in favor of plaintiff, in an action
brought under the federal employers' liability act (35 U.
S. St. at Large, ch. 149, p. 65), defendant appeals.

Plaintiff is the administratrix of the estate of her deceased husband, Ray C. Phillips, who was killed March 14, 1913, while employed as a conductor on a freight train being operated by defendant between Cheyenne, Wyoming, and Sidney, Nebraska. While Phillips' train was waiting on a siding about 11 miles west of Sidney, it was run into by a following freight train. Phillips and the rear brakeman, Charles M. Cradit, were in the caboose at the rear of Phillips' train and were killed. A judgment in favor of Cradit's administrator was recently affirmed by this court. *Hadley v. Union P. R. Co.*, 99 Neb. 349. The present action rests upon practically the same evidence. Except as to the question of damages, the evidence in this case was read from testimony given in the *Hadley* case. The evidence is quite fully detailed in the opinion in that case, and it will not be repeated here. Under these conditions, the questions of defendant's negligence, and assumption of risk are controlled by the case cited. New questions presented by this appeal relate to the giving and refusing of instructions, the damages, and the competency of jurors.

Complaint is made of the instructions given by the court. With one or two exceptions the instructions are the same as those given and approved in the *Hadley* case. We find no error in the additional instructions given.

Complaint is also made of the refusal of the trial court to give instructions requested by defendant. Except in regard to the question of assumption of risk, identical instructions were requested and refused in the *Hadley* case, and the rulings of the court approved. Instructions were requested to the effect that Phillips assumed all dangers and risks which were open, apparent, known, and appreciated by him prior to the wreck, whether such dangers and risks resulted from the negligence of defendant or not. The trial court on its own motion gave a proper instruction relating to the assumption of ordinary risks. Risks arising from the employer's negligence are not ordinary, but extraordinary, risks. *Chicago, R. I. & P. R.*

*Co. v. McCarty,* 49 Neb. 475; *Grimm v. Omaha Electric Light & Power Co.,* 79 Neb. 387. The defense that plaintiff assumed the risks of defendant's negligence should have been specially pleaded. *Evans Laundry Co. v. Crawford,* 67 Neb. 153; *Maxson v. Case Threshing Machine Co.,* 81 Neb. 546.

It is contended that the verdict and judgment are excessive. The verdict was for $16,000. At the time of his death Phillips was 30 years of age. His expectancy, according to the table of mortality, was about 34 years. His widow was younger. She testified that for two years preceding his death he had earned an average of $113 monthly. He used $25 in paying his expenses while away from home at his work. The remainder was used in supporting himself and his wife and in buying and furnishing a home. On cross-examination she testified that she did not know what his pay checks were for any month in 1912 or 1913. Part of the year he was employed as a brakeman, and for this work his salary was considerably less than when he worked as a conductor. There was no evidence by defendant tending to show that his earnings were less than indicated by plaintiff's testimony. The verdict has been approved by the trial judge. A recovery of $13,500 was allowed in the *Hadley* case where the decedent was earning from $85 to $100 monthly. The verdict cannot be said to be so large as to indicate that it was the result of passion or prejudice, nor can we say that it is excessive.

It is contended that the court erred in overruling defendant's challenges to jurors. One of the acts of negligence relied upon by plaintiff was the operation of trains during the storm. Chief complaint is directed against a ruling of the trial court overruling defendant's challenge to a juror who, when examined in chief, expressed the opinion that it was unsafe to operate trains during the storm. The juror was examined by counsel for defendant and plaintiff and by the court, from all of which it was developed that his opinion was based largely upon his observations of the storm at his home, about 20 miles

southeast from the place of the wreck. In answer to questions by the court, we have the following: "Q. Do you feel that your opinion or impression of the storm as it was at your place would influence you in your judgment from the evidence of the storm at the point of the wreck? A. No. sir; it would not." While the trial court might properly have sustained the challenge, abuse of discretion has not been shown. The rule is:

"It is the duty of the trial court to decide as to the fact of qualification of a juror challenged for cause from a consideration of his entire examination and such other evidence and circumstances as tend to throw light upon the subject. The trial court in determining the fact of qualification is not confined to the answers of the juror alone, but may consider his appearance and general demeanor while undergoing the examination.

"In such a case the ruling of the trial court in deciding a challenge for cause will not be disturbed unless an abuse of discretion is shown." *Bemis v. City of Omaha,* 81 Neb. 352.

Abuse of discretion in deciding the challenges for cause has not been shown. Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.