## SMITH v. DUHART.

1. An administrator can not lawfully sell property held adversely to the estate by a third person, and a deed made by an administrator to land when the same is held adversely to the estate by a third person is void. Civil Code (1910), § 4033; *Booth* v. *Young*, 149 *Ga.* 276 (99 S. E. 886); *Davitte* v. *Southern Ry. Co.*, 108 *Ga.* 665 (34 S. E. 327).

2. Under the undisputed evidence in this case the deed sought to be canceled was made by an administrator pursuant to an administrator's sale at a time when the land described in the deed was held adversely to the estate by a third person.

3. Complaint is made and error is assigned on two excerpts from the charge of the court. It is complained that the instructions are not applicable to the issues, and that the court failed to charge in connection therewith other and additional principles of law. The instructions of the court as given to the jury were not in themselves erroneous. "It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given. *Grant* v. *State*, 152 *Ga.* 252 (109 S. E. 502), and authorities cited.

4. The court did not err in admitting the evidence of the plaintiff in the case, of which complaint is made in the first and second grounds of the amendment to the motion for a new trial.

5. The verdict was supported by the evidence.

·No. 2672.    JANUARY 13, 1922.

Equitable petition. Before Judge Malcolm D. Jones. Houston superior court. May 14, 1921.

*R. D. Feagin* and *R. N. Holtzclaw,* for plaintiff in error.

*Jule Felton, Jule W. Felton,* and *G. C. Robinson,* contra.

GILBERT, J. 1, 2, 3. Headnotes one, two, and three do not require elaboration.

4. This is a proceeding in equity, praying for cancellation of an administrator's deed to a one-fourth interest in described land, and for injunction. Ground one of the amendment to the motion for a new trial complains that the court, over objection of the defendant, permitted Anderson Duhart, the plaintiff, to testify as follows: "I had an agreement with my father with reference to the sale of his interest in this land," the ground of objection being that the witness was incompetent to testify under the Civil Code, § 5858, as to any transaction with his father, the father being dead, and the defendant, Mrs. G. W. Smith, holding a deed from the administrator of the deceased father, and relying upon the deed as her title to a one-fourth undivided interest in the land, and the plaintiff relying upon an alleged agreement with his father

and his performance of the same as the basis of his right to recover from the defendant in the case. Ground two of the amendment to the motion for a new trial complains that the court permitted Anderson Duhart, the plaintiff, to testify as follows: " I told him [Mr. Bloodworth] my father and myself had made a trade about the land," the objection raised at the time being the same as that stated in the first ground. The admission of this evidence over the objection raised was not error. The suit was instituted by Anderson Duhart, claiming under a parol contract fully performed with his deceased father, and the section of the code cited does not make him an incompetent witness in his own behalf. The defendant in the suit claimed under a deed from the administrator of the deceased. The grantee in the deed was not an immediate assignee or transferee, such as contemplated in code section 5858, par. 1; and therefore the evidence was not incompetent. *Castleberry* v. *Parrish,* 135 *Ga.* 528 (69 S. E. 817); *Causey* v. *White,* 143 *Ga.* 7 (84 S. E. 58); *Purvis* v. *Raste,* 144 *Ga.* 16 (85 S. E. 1012). And compare *Kramer* v. *Spradlin,* 148 *Ga.* 805 (98 S. E. 487).

5. The evidence authorized the jury to find that in the year 1873 the land in question had been conveyed by warranty deed to the plaintiff's mother, Elizabeth Duhart, and her children; and that Elizabeth Duhart subsequently died leaving Anderson Duhart as her only child, and Hector Duhart, her husband. Later, on the death of Hector Duhart, J. W. Bloodworth qualified as administrator on the estate of the latter. He applied for and obtained an order for the sale of a one-fourth undivided interest in the land described in the deed in question as the property of Hector Duhart, deceased. Pursuant to such order the property was sold to Mrs. G. W. Smith, the defendant in this case; and the administrator, in his official capacity, duly executed to the purchaser a deed purporting to convey the one-fourth undivided interest in the land. This suit is by Anderson Duhart for the purpose of cancelling this administrator's deed. On the trial J. W. Bloodworth administrator, testified in part as follows: " I never saw the land. . . I did not take any legal steps to reduce it to my possession, I did not know how." Anderson Duhart, the plaintiff, testified in part as follows: " After the death of my mother my father went in possession of the land. I never surrendered possession of the land

voluntarily to anybody. I rented the land out the year after my father's death. I never told anybody they could go and take possession of the land. Mr. G. W. Smith came to me and wanted to buy it. I never surrendered possession to him. I did not surrender possession of the place to Mr. J. W. Bloodworth. . . From the death of my mother to the death of my father my father was in possession of the land. Mrs. Smith has gone and taken a part of the land, and I have got the other part. I have held the, land adversely to everybody since my father's death." John Henry Duhart, son of the plaintiff, testified in part as follows: " I remember a contract that Anderson Duhart made about the sale of the land. Anderson told my grandfather he could go ahead and work the whole thing; and my grandfather told Anderson if he would let him work the whole thing as long as he lived, then after his death the whole place would go to Anderson Duhart. . . My grandfather said, ' Let me work it until I die, and then you will get it all, as you are the only child;' that is what he told my father." The evidence quoted is without contradiction. There was evidence authorizing the jury to find that Hector Duhart occupied, used, and enjoyed the entire land and its entire fruits from the death of Elizabeth Duhart until his death. The suit was defended on the theory that the plaintiff had full knowledge of all of the proceedings leading up to the sale of the land, as well as the sale itself and the purchase at the sale by the defendant. Under the facts stated above, it is obvious that the jury were fully authorized to find that the administrator had never reduced the property to possession, but on the contrary the possession of the land from the death of Hector Duhart was held by Anderson Duhart, the plaintiff, until the sale by the administrator and the execution of his deed. We think also that the jury were authorized to find that there was a parol contract fully performed between Anderson Duhart and his father, Hector Duhart, by which the latter was to have the use and enjoyment of the entire interest in the land during his life, and, in consideration of such, that Anderson Duhart was to have title to the entire interest after the death of his father. The existence of the contract claimed by the plaintiff depends upon the evidence of John Henry Duhart, quoted above. That standing alone might mean that it was a mere statement of what the effect of the law would be; but when considered

in connection with the proposition that the plaintiff was to let his father work the whole place as long as he lived, and after his death the whole place to go to the plaintiff, the jury were authorized to find that these words were spoken as a part of a negotiation, and that when the father said, "Let me work it until I die, and then you will have it all," the use and enjoyment for life by the father was the consideration for a contract conveying the entire interest at the death of the father to the son. That this was the intention of the parties, and that the jury could so find, was authorized by the evidence; and therefore the court did not err in overruling the motion for a new trial, based upon the sufficiency of the evidence.

*Judgment affirmed. All the Justices concur.*